# CASES ADJUDGED

IN THE

# PREROGATIVE COURT.

## MAY TERM, 1875.

THEODORE RUNYON, ESQ., ORDINARY.

---

### In the Matter of the MOTT Appeals.

1. The evidence in this case, *held* to establish the correctness of the amount with which the Orphans Court charged the guardian of minors, as the rental value of a farm belonging to them, and of the amount which it allowed him for their board, while living with him.

2. A guardian filed his accounts four years before the pronouncing of a decree by the Orphans Court on exceptions thereto. The decree was pronounced January 1st, 1873, requiring a restatement of the accounts, and making an addition to the original balances. The decree was reduced to writing March 4th, 1873. *Held*, on exceptions thereto, that interest was properly charged on the addition to the original balances, to the time of pronouncing the decree; that not charging it to the date of the decree, was correct; that not charging interest on the original balances, was correct.

3. An accountant should not be charged with interest on the balance of his account, held in hand ready for distribution, pending the decision of the court upon exceptions, unless it appears he has made use of the money. If he has made use of it, he is chargeable with interest for the time he has used it.

4. An inquiry whether a guardian has made use of a balance due his wards on the filing of his accounts, before the final allowance of the accounts, may be made in this court.

---

*Mr. J. G. Shipman*, for the accountant.

*Mr. W. H. Morrow*, for the exceptants.

In the matter of the Mott appeals.

THE ORDINARY.

Jacob S. Mott, then late guardian of the persons and estates of his nephews, John A. Mott and George W. Mott, the minor children of his deceased brother, Henry S. Mott, filed in the office of the surrogate of Warren county, his final account of his receipts and disbursements of the estate of John, on the 15th of September, 1868, and his account of the estate of George, on the 1st of March following. The then guardians of the minors (he having been displaced) excepted. The Orphans Court allowed some of the exceptions, and disallowed others. Part of the result of the allowances and disallowances was the charging of the accountant with rent of the farm belonging to the minors, at the rate of $400 per year, instead of $300 a year, as charged in the accounts, and reducing the charge made in the accounts against the minors for their board, washing, and mending, from $3.00 a week to $2.00 a week, and allowing to the accountant the price of a pump, and the amount of a tailor's bill, which items had been excepted to. The court directed that the accountant pay interest on the addition to the balances against him, made by restatement of the accounts in accordance with their decree, from the time of filing the accounts to the day on which the decree was pronounced, which was the 1st day of January, 1873. The decree was not reduced to writing until the day of its date, which is the 4th of March, 1873. Both the accountant and the present guardians appealed; each of the parties being dissatisfied with the decree in regard to the rent and the allowance for board, washing, and mending, as well as in other respects. The questions presented on the argument of the appeals, were as to the rent, and the board, and the pump, and tailor's bill, above mentioned, and as to whether the Orphans Court should not have charged the accountant with interest on the original balances against him, according to his own statement of account, from the time of filing the accounts to the date of the decree; and also whether they should not have charged interest on the additions made to those balances, by the re-

statement of the accounts, according to their decree, up to the date of the decree.

The accountant charged himself with rent of the farm at the rate of $300 per year. The decree fixes the rent at $400 per year. The accountant insists that this is not warranted by the evidence. On the other hand, the exceptants claim that the rent should have been fixed at $500 a year. Up to January 1st, 1861, the rent is charged in the accounts at $350 a year, the amount at which the premises were then leased to one Philip Wilcox. From that date, the rent is charged at $300 a year, the amount reserved and made payable by a verbal lease of the premises from the accountant to his son Austin, who held the farm at that rent up to the close of the accountant's guardianship. The controversy between the parties was as to the rent which should be charged during the period of Austin's tenancy; the exceptant insisting that the amount charged was not as much as reasonably could and ought to have been got for the property during that period, and the accountant insisting that it was an adequate and full rent. A very careful examination of the testimony, satisfies me that the decree is right in this particular. There are numerous witnesses, it is true, who testify that the property ought to have produced a higher rent than that fixed by the decree, while, on the other hand, there are almost a score of others, equally competent to form a just judgment in the premises, who testify that $300, the tenant doing the necessary repairs, paying the taxes and furnishing the hay seed, would have been a full rent. In my judgment, the amount fixed by the decree would, with the repairs, taxes, and hay seed, have been a fair annual rent for the premises during the period covered by the inquiry. The court reduced the charge for board, washing and mending, to $2.00 a week. The accountant insists that his charge of $3.00 a week was reasonable. On behalf of the wards it is urged, that in view of the services rendered by the latter to the accountant while they resided in his family during the period for which the charge is made, there should have been

no allowance at all. The accounts begin on the 1st of January, 1859. John was then not yet seven years of age, and George was a little past nine. The charges against the former are for all the time from the beginning of the account up to January 1st, 1867, and for about eleven weeks of that year, the time during which, according to the account, he was not at school. The charges against George are from 1859 to 1862, and for part of the last mentioned year, and part of the year following. It will be perceived, that when the charges against John ceased, he was fifteen years old, and that George, at the close of the charges against him, was thirteen. Though these boys rendered services to the accountant while they boarded with him in his family, yet they were not such, in my judgment, as to off-set the value of their board, washing and mending; and I am of opinion, that the decree of the Orphans Court does justice between these parties in that respect. The pump was a proper charge against the estate of the minors, and so, too, was the amount of the tailor's bill.

The Orphans Court charged interest on the additions which they made to the accounts, from the time of filing the accounts to the time of pronouncing their decree upon the exceptions. The exceptants insist that the court should have charged interest on those additions up to the date of the decree, and that they should have charged the accountant with interest on the balances of his accounts, as rendered by him, from the time of filing those accounts, to the date of the decree. The court decreed that he should pay interest on the money with which they surcharged his accounts, because he had not accounted for that money. Had he done so, the exceptants would have been at liberty to have taken it. The court found that it was due to the wards. It was right, on that ground, to compel the accountant to pay interest for it from the time of filing his accounts. That the period during which he was required to pay interest was not extended to the date of the decree, was probably attributable to the consideration that it was quite as much the fault of the exceptants, as it was his, that the decree of the court was not reduced to

writing when it was pronounced. No objection is made on the part of the accountant, to the decree in respect to interest. The exceptants not only seek, by these appeals, to extend that charge of interest from the time of pronouncing the decree to the time of its date, but they seek also to charge the accountant with interest on the original balances from the time of filing the account to the date of the decree. There is no authority for charging an accountant with interest on the balance of his final account in such a case as this, unless it appears that he has made use of the money for his own purposes. The money was not invested when the accountant filed his accounts. He was under no obligation to invest it, but is presumed to have it in hand, and to have had it in hand ever since he filed his accounts, ready to be paid over whenever the balance should have been established. If, however, he has made use of the money, he is chargeable with interest for the time he has used it, and the inquiry may be made in this court, with a view to charging him accordingly.

The decree will be affirmed, but without costs.